UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
SEP 11 2024 
BROOKLYN OFFICE

In re: RYAN STEPHEN SAMSEL,
an inmate of the Metropolitan Detention
Center Brooklyn, New York,
suffering untreated medical emergency

vs.

COLETTE S. PETERS, DIRECTOR,
FEDERAL BUREAU OF PRISONS
Federal Bureau of Prisons
320 First St., NW
Washington, DC 20534
Switchboard Phone: (202) 307-3198
Serve: General Counsel James Wills

and

Warden, METROPOLITAN DETENTION
CENTER – BROOKLYN,
FEDERAL BUREAU OF PRISONS
80 29th Street (Kings County)
Brooklyn, New York 11232
Switchboard: (718) 840-4200

and

RONALD L. DAVIS, DIRECTOR
U.S. MARSHALL'S SERVICE
1215 S. Clark Street
Arlington, Virginia 22202
Switchboard Phone: (202) 307-9100
Serve: General Counsel Lisa Dickinson

and

THOMAS N. FAUST, DIRECTOR,
ATTN Andrew Mazzuchelli Dep. General
Counsel
DEPARTMENT OF CORRECTIONS

Civil Action No.

1:24-cv-05026-RPK-PK



RECEIVED
SEP 12 2024
PRO SE OFFICE

1

OF THE DISTRICT OF COLUMBIA
3924 Minnesota Avenue, N.E. – 2nd Floor
Washington, D.C. 20019
Office: (202) 698-4932 / (202) 671-2064

and

MERRICK GARLAND,
ATTORNEY GENERAL
*AS HEAD OF THE*
U.S. DEPARTMENT OF JUSTICE
*and of all Bureau of Prisons functions nation-wide*
950 Pennsylvania Avenue NW
Washington DC 20530
Switchboard Phone: (202) 514-2000

with

*Further Service upon the UNITED STATES OF AMERICA,* through BREON PEACE, Esq.
U.S. ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK
ATTN: Kathleen A. Mahoney, Esq.
Assistant U.S. Attorney, Civil Division
271 Cadman Plaza East
Brooklyn NY 11201
Switchboard: 718-254-7000

## MOTION FOR RECONSIDERATION

The Petitioner Ryan Samsel, signed on his direction by his Power of Attorney, Raechel Genco, after discussion with the Petitioner, hereby requests that the Court reconsider its decision on issuance of a preliminary injunction, and after reconsideration issue the requested preliminary injunction.

However, before doing that, I am asking that the Court issue subpoenas to the private sector medical facilities in the Philadelphia area likely to have my

medical records from before my arrest in early 2021. I gave my written Power of Attorney to my lifelong friend Raechel Genco, but for over 3 years the doctors and facilities have refused to release these records to her. I assumed that they would have given them to the medical doctors in the prison system, but this is disputed.

These are my own medical records which I am requesting, through my Power of Attorney. The only reason I will be asking for several subpoenas is because these days when you walk into a hospital, the hospital is one company, the doctors work under their own private practice companies although they have hospital privileges and work in the hospital, the nurses are often supplied by contract with another private company, the medical testing is done by yet another company, but the patient just thinks he walked into a single hospital for treatment. Therefore, I need to make sure to get all of these medical records.

It becomes clear that the subordinates of the named Federal Defendants are either deceiving the named principal Defendants and the Court (and mostly likely their counsel at the U.S. Attorney's office) or through a gross dereliction of duty and violation of the most minimal standards of medical care and Constitutional rights never obtained the Petitioner's pre-arrest medical records.

The voluminous – mostly useless and dilatory – prison system medical records are self-contradictory and expose the Federal Defendants (that is their staff whom they hire to do the actual work for the principals and whom they supervise.

Again, Petitioner Samsel filed what medical records he had largely because the Federal Defendants (their staff) have persistently and repeatedly "lost" Samsel's

3

medical records and it took an enormous amount of time and effort (especially while incarcerated) for Samsel, his current and previous attorneys, his friends and supporters to scrape together the medical records that we have <u>SO FAR</u>.

Also, the Federal Defendants have shuttled the Petitioner around 28 times among 19 different prison facilities – usually just before he is about to get medical treatment at one facility, then forced to start over again. Therefore, Petitioner Samsel wanted what medical records he has been able to pull together <u>*PRESERVED*</u> in one place so they cannot be "lost" (probably on purpose) and they could be accessed even if he is out of contact.

However, the admissions and confession by the Federal Defendants and the medical records themselves make clear that either the Defendants have my pre-arrest medical records or they never bothered to obtain them. It would of course be medical malpractice to evaluate me in the prison system without reviewing past medical records from 2020 or indeed earlier.

Through my power of attorney, I asked for volunteer help from a person experienced with medical records and he expressed shock and astonishment at what he read from the prison system doctors. He is working on a complete report to be filed with the Court.

However, he identified already that Dr. Edlinger and others:

- Refer to my pre-arrest medical records in their own (later) notes and medical reports
- Then report they don't have those records and never had them.

4

- But their comments reveal that they do have them, read them, considered them, and mention what is in those pre-arrest medical records from private sector doctors.
- Admit that the real problem with my medical situation is Venous Thoracic Outlet Syndrome or a version of that known as Bilateral Neurogenic Thoracic Outlet Syndrome.
- But then systematically and extensively evaluate *something else entirely*, knowingly and intentionally changing the subject to avoid the actual medical condition Petitioner Samsel actually has.
- Having made a glancing reference to the real medical issue, the prison system doctors then knowingly and intentionally ignore it.
- The entire 3 ½ to almost 4 year history is about a consequence of the actual medical problem in question.
- But the Defendants admit and the records show that they completely ignored the medical problem, and chased after a symptom instead.
- In fact, the Defendants attached a Declaration by a doctor in the prison system, who did not mention at all the actual medical problem.
- To my supporter preparing an analysis and to others, the prison system medical records sound like political screeds, not medical records. They are filled with raw speculation, unfounded guesses and baseless accusations. These are not medical records.
- The medical records are filled with claims that are outside of the scope

of examination and outside of the knowledge of any of the prison system doctors, that is outside of the time frame of their involvement. So either they have the pre-arrest medical records they are pretending not to have or they are simply fabricating these claims.

- But those speculative claims are also false.
- I am told that doctors do not write a bunch of speculation, that this is not normal for doctors to guess in medical reports.

Therefore, I ask the Court to reconsider its decision on a preliminary injunction after we have the medical records from the private-sector doctors and medical facilities from before my arrest.

Those records will demonstrate to the Court that the Defendants or their subordinates

1) Never treated my medical problem, instead chasing after a symptom instead of the cause.
2) Debated the necessity of surgery that is not the medical treatment I was prescribed before my arrest.
3) Did not need to spend 3 ½ years re-deciding what doctors already determined before my arrest.
4) Spent 3 ½ years examining and debating – not providing any medical treatment.
5) Systematically avoided providing treatment by engaging in sheningans to cover up their lack of providing the treatment already decided before

my arrest.

6) Give reasons why maybe the *wrong* surgery might not be needed without disclosing that they are talking about *the wrong surgery* – not the surgery actually prescribed by my private sector doctors. Therefore, everything the prison system's doctors have said and reported is completely irrelevant. It has nothing to do with the actual medical problem I was diagnosed with: The need to relieve pressure on the blood system below my shoulder by surgery of bone.

7) Evaded the medical treatment I require by focusing on something else.

I want to file a motion to reconsider within the time limits required but I believe the Court should hold on to the motion until there is proof from my medical records that the Defendants through their subordinates have intentionally denied my medical care by knowingly changing the subject to a distraction from the actual medical treatment at issue. And they are being misleading about their knowledge of my pre-arrest condition.

Dated: September 3, 2024                Respectfully submitted.

*Ryan Samsel*

Ryan Samsel, *Pro Se*
Signed by direction
Inmate # 28332-509 Metropolitan
Detention Center – Brooklyn
80 (space) 29th Street,
Brooklyn, New York 11232

Ryan.Samsel@hotmail.com
Telephone: (518) 510 8895

## Certificate of Service

A copy of this motion has been mailed to all Respondents by first-class U.S. mail, postage prepaid to the U.S. Attorney's office, representing the Federal Defendants.

*Ryan Samsel*
_____
Ryan Samsel, *Pro Se*
Signed by direction

Ryan Samsel
c/o Raechel Genco
109 Junewood Drive
Levittown, Pennsylvania 19055





Clerk of The Court
Civil Intake
U.S. District for The Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
11201



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 11 2024 ★
BROOKLYN OFFICE