**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

In re: RYAN STEPHEN SAMSEL,
an inmate of the Metropolitan Detention
Center Brooklyn, New York,
suffering untreated medical emergency

vs.

COLETTE S. PETERS, DIRECTOR,
FEDERAL BUREAU OF PRISONS

and

Warden, METROPOLITAN DETENTION
CENTER – BROOKLYN,

and

RONALD L. DAVIS, DIRECTOR
U.S. MARSHALL'S SERVICE

and

THOMAS N. FAUST, DIRECTOR,
Andrew Mazzuchelli Dep. General Counsel
DEPARTMENT OF CORRECTIONS
   OF THE DISTRICT OF COLUMBIA

and

MERRICK GARLAND,
ATTORNEY GENERAL
*AS HEAD OF THE*
U.S. DEPARTMENT OF JUSTICE, *and
of all Bureau of Prisons functions nation-wide*

Civil Action No.

1:24-cv-05026-RPK-PK

# SUPPLEMENT AND UPDATE OF BAD FAITH AND EIGHTH AMENDMENT VIOLATIONS OF BUREAU OF PRISONS, METROPOLITAN DETENTION CENTER, U.S. DEPARTMENT OF JUSTICE

The Petitioner Ryan Samsel, dictated to and transcribed by his next friend and Power of Attorney, Raechel Genco, hereby respectfully requests the Court to receive, file, and consider the following update as a supplement.

1) I, Ryan Samsel, alleged that the Government Respondents have engaged in a systematic campaign of knowing and intentional bad faith, deceit to the Courts, and fraud.

2) The Government Respondents opposed giving medical care to an incarcerated inmate on the grounds that the U.S. District Court for the District of Columbia had scheduled a sentencing hearing on September 19, 2024.

3) So the Metropolitan Detention Center of Brooklyn scheduled a medical appointment for me on September 17, 2024.

4) It normally takes 1 to many weeks for the Marshall's Service to transfer a prisoner among cities, for some reason.

5) So knowing that Ryan Samsel could not attend the September 17, 2024, medical appointment preparatory to needed surgery, the MDC-Brooklyn scheduled Ryan Samsel for a medical visit they knew he could not attend.

6) Indeed, uncharacteristically late the Marshalls picked up Ryan Samsel from MDC-Brooklyn on September 17, 2024 – the very day MDC-Brooklyn scheduled Samsel for a medical visit knowing he would never be able to attend.

7) But worse, the Government also knew that there was not going to be

any sentencing hearing on September 19, 2024.

8) I understand that the U.S. Attorney's Office for the City of New York / Manhattan is different from the U.S. Attorney's Office for the District of Columbia. But on the very question addressed by the civil AUSA in Manhattan – the schedule in D.C. – it would be impossible for Kathleen A. Mahoney, Esq. to make the Opposition and representations to the Court that she did and lead without inquiring of the status of the sentencing proceeding in D.C.

9) The Court is asked to recall again that Ryan Samsel sued the U.S. Department of Justice, of which the U.S. Marshalls Service and the Bureau of Prisons are components, precisely to prevent these games from being played. Samsel's Petition includes the responsibility of the DOJ in general, including the U.S. Attorney's Office for the District of Columbia.

10) Yet the Government never prepared a Pre-Sentencing Investigation Report for the supposed September 19 sentencing.

11) The Government actually knew that there was not going to be any sentencing on September 19.

12) The Government lied to this Court in its Opposition to my Petition.

13) It might be that the USAO in D.C. deceived Kathleen A. Mahoney, Esq. but either way the Government deceived this Court.

14) First, the Court in D.C. set a status conference for September 3.

15) The MDC-Brooklyn defied, disrespected, and refused to cooperate with the Federal Judge Cobb in the U.S. District Court for the District of Columbia.

16) In extreme disrespect and contempt of the courts, MDC-Brooklyn did not arrange for Ryan Samsel's videoconference on September 3 with Judge Cobb.

17) The Government then moved for a continuance of the sentencing hearing, apparently because – as the USAO in D.C. admitted – the Government never prepared a Sentencing Memorandum.

18) My attorney, Stanley Woodward, also did not prepare a Sentencing Memorandum, although that would require having the PSIR first.

19) So at no time was there ever going to be any sentencing hearing on September 19, 2024, and the Government knew it when it made arguments to this Court about not getting me medical care.

20) So surely the Respondents have rescheduled the September 17 medical appointment preliminary to the surgery I need?

21) Of course not.

22) Having scheduled that appointment on a day when they knew I could not attend, the Respondents of course failed to reschedule it.

23) The point was never scheduling. The point was committing contempt of court and contempt for the laws and the Constitution.

24) And this same pattern has been repeating for almost 4 years now.

25) Why does this Court not recognize the continuing pattern of contempt?

26) I am talking to an attorney who is working on the same issues with Dominic Pezzola and others, which track exactly the games being played here with me. The actions of the Respondents are like they attended the same seminar and

are operating out of a checklist from the same manual in a 3-ring binder.

27) And this Court knows it form the massive news coverage of Judge Jesse Furman's feud with MDC-Brooklyn over a failure to provide medical care.

28) The psychological barrier is disbelief that any government agency could be so brazen, incompetent, or lacking in candor: But, (1) The DOJ has demonstrated throughout most criminal prosecutions its paranoid conspiracy theories. (2) the DOJ has throughout January 6 prosecutions its conspiracy theories that if they simply whack the right piñata hard enough all the goodies will tumble out. They are certain that everyone is secretly guilty of everything and all they have to do is torture people hard enough to get "the truth" (which would be a lie actually). As commonly said in the law, police and prosecutors often squeeze suspects to get them to "sing" but the danger is that under pressure suspects will "compose" – that is, make up stories that are not true simply to get relief from police and prosecutorial abuse. (3) I have actual knowledge of innocuous and benign circumstances that mean nothing but coincidence but which drive the conspiracy theorists at the DOJ to imagine that if they have me beaten in prison, denied medical care, pressured and threatened they think that there is some "there there" where there is in fact nothing to tell. (4) In fact, when I was talking to a potential replacement attorney she said that if I would only tell the prosecutors about a big fish (which known or unknown to her would require me to lie), I could be "home" (out of jail) in a week and could get the medical care I need. I was not in that conversation. But I don't know why an attorney would be that specific unless the

prosecutor was saying that to her. Again, the DOJ is engaging in fantasies and I have nothing to tell them even if I wanted to.

29) Pre-Trial Services has not even attempted to interview me. I understand that Brooklyn and every Federal District has a Pre-Trial Services office. It is not required that the District of Columbia office interview me.

30) Instead, Judge Cobb has rescheduled the sentencing hearing for February 24, 2025.

31) For some reason this Court has refused to see what is plain in front of the Court, as revealed by Judge Jesse Furman in *United States v. Gustavo Chavez*, Case 1:22-cr-00303 in chronicling and condemning the practices at the Metropolitan Detention Center of Brooklyn, specifically with regard to the denial of medical care.

32) The demonstrated bad faith and lack of candor of the MDC – Brooklyn and supervising agencies is sufficient for this Court to act.

33) The Court does not need any further evidence.

34) But the Respondents and even the Court are preventing Ryan Samsel from obtaining the evidence that the Court is asking for.

35) The Government has historically argued that inflicting physical discomfort (which in fact turns out be vastly more serious torture, but that's what they deceitfully call it) and denying medical care can be an incidental consequent of punishment.

36) In fact, the Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment. As interpreted by the Federal courts, this requires with

constitutional force and mandate that a person may be imprisoned for a set term and traditionally even put to labor. But torture minor or major is an unconstitutional and outrageous violation of the U.S. Constitution. Denial of medical care that an inmate would obtain on his own if he were free to walk out and go to a doctor's office and physical discomfort and pain (by discomfort I do not mean just not having top-quality accommodations, but actual physical pain and harm) are violations of the U.S. Constitution.

37) Ryan Samsel has been physically beaten by BOP personnel and contractors in most of the 26 facilities he has been shuttled among, including have a dent beaten in to his skull.

38) No one would suggest that incarceration requires comfortable living arrangements.

39) However, creating an unreasonable risk of death, a debilitating stroke, temporary or permanent disability, or bad health is essentially knowing physical torture not incarceration for a term of years.

40) Furthermore, for most of the last nearly 4 years, Ryan Samsel was incarcerated pre-trial, presumed innocent until proven guilty.

CONCLUSION: Ryan Samsel has presented solid evidence that his constitutional rights are being violated. The Court should give proper weight to this evidence and order the Respondents to transport Ryan Samsel to unbiased, independent medical professionals for immediate medical evaluation and treatment including to obtain the additional evidence that the Court is being blocked from

seeing, order that all medical records – not just some – be collected and provided by the Respondents, and grant Petitioner's demand for medical treatment.

Dated: October 7, 2024    Respectfully submitted,

*Ryan Samsel*

Ryan Samsel, *Pro Se*
Signed by direction
Inmate # 28332-509 Metropolitan
Detention Center – Brooklyn
80 (space) 29th Street,
Brooklyn, New York 11232
Ryan.Samsel@hotmail.com
Telephone: (518) 510 8895

## Certificate of Service

A copy of this motion has been mailed to all Respondents by first-class U.S. mail, postage prepaid to the U.S. Attorney's office which has entered its appearance to represent them.

*Ryan Samsel*

Ryan Samsel, *Pro Se*
Signed by direction

Ryan Samsel
109 Junewood Drive
Levittown, Pennsylvania 19055

ORLANDO FL 328
8 OCT 2024 PM 4 L

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

CLERK OF THE COURT   OCT 1 6 2024
Civil Intake
U.S. District Court for the **BROOKLYN OFFICE**
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201